# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5175 | **DATE** | 9/30/2010 |
| **CASE TITLE** | USA ex rel. John Lavin vs. J.R. Walls, Warden | | |

**DOCKET ENTRY TEXT**

As explained more fully below, petitioner John Lavin's request for a certificate of appealability [194] is granted in part and denied in part. Petitioner's motion for leave to submit arguments [194] is denied. Petitioner's motion to correct a typographical error [194] is denied. The court notes that on page 2 of its August 13, 2010 Memorandum Opinion and Order, in the first full paragraph, "McDowell" should read "Lavin."

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

On August 13, 2010, this court denied petitioner John Lavin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a notice of appeal with the Seventh Circuit, and thus this court must determine whether Lavin is entitled to a certificate of appealability ("COA"). A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Before issuing a COA for claims decided on their merits, a district court must find that the issues the applicant wishes to raise are ones that are "debatable among jurists of reason" or that the questions "deserve encouragement to proceed further." *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997).

Lavin indicates that he wishes to appeal all the issues he raised in his petition. First, with respect to the claims (or parts of claims) the court dismissed for procedural default, the court declines to grant a COA. These include the following: (1) Lavin's claim that he did not waive his right to a trial by jury; (2) Lavin's argument that he was not advised of the aggravating factors; (3) Lavin's argument that four aggravating factors should have been found by the judge beyond a reasonable doubt; and (4) Lavin's argument that he was intoxicated at the time of the assault and did not intend to kill the victim. This claim and these three arguments were not presented to the state courts and were thus procedurally defaulted. Having reviewed its opinion, the court cannot conclude that "jurists of reason" would find its procedural default analysis "debatable."

However, the following claims were decided on the merits: (1) ineffective assistance of counsel; (2) *Apprendi* claim based on Lavin's argument that he was entitled to have an aggravating factor (that the victim

| STATEMENT |
|---|
| was over 60) found beyond a reasonable doubt by the judge; and (3) insufficiency of the evidence. Although the court is confident in its analysis, it nevertheless concludes that "jurists of reason" could find the conclusion "debatable," and that the arguments raised by petitioner in this claim are adequate "to deserve encouragement to proceed further." *Porter*, 112 F.3d at 1312. |